Terrence **BROWNLEE**, Plaintiff–Appellant,

v.

**MURPHY; Lytle, Sergeant; Snyder, C/O; Prado, C/O,** Defendants–Appellees.

No. 06–15762.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed May 8, 2007.

William M. Jay, Esq., Gibson Dunn & Crutcher, LLP, Washington, DC, for Plaintiff–Appellant.

Terrence Brownlee, Susanville, CA, pro se.

Van Kamberian, Esq., David N. Sunada, Esq., Attorney General's Office, Sacramento, CA, for Defendants–Appellees.

Before: NOONAN, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Appellant Terrence Brownlee, a California state prisoner, filed suit *pro se* under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment in connection with a physical altercation with prison guards and the subsequent disciplinary proceedings.[1] He now appeals (1) the district court's grant of summary judgment on the Eighth Amendment claim to the defendant prison guards and (2) its dismissal of his due process claim against prison officials involved in the disciplinary proceeding. We have jurisdiction under 28 U.S.C. § 1291 and we reverse and remand for further proceedings.

### The Eighth Amendment Claim

Brownlee's Eighth Amendment claim alleged that prison guards applied excessive force to his leg and back. The court below granted summary judgment to the prison guards on this claim, but in

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts are familiar to the parties, we do not recite them further here.

doing so, it engaged in an improper weighing of the evidence and failed to recognize that Brownlee's deposition testimony and other evidence in the record raised a genuine issue of material fact regarding whether the force applied to his leg and back was either necessary or excessive under *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Summary judgment under the first prong of *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), was therefore inappropriate. We reverse the grant of summary judgment to the defendant prison guards and remand for further proceedings to (1) determine whether, under Brownlee's description of the facts, the guards are eligible for qualified immunity under *Saucier's* second prong, and (2) if they are not so eligible, to resolve this genuine issue of material fact.

### The Due Process Claim

■ In addition to his Eighth Amendment claim, Brownlee's *pro se* complaint includes a due process challenge to the subsequent disciplinary proceedings. The district court dismissed this claim under the mistaken assumption that under the "favorable termination rule" of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a challenge to a disciplinary conviction under 42 U.S.C. § 1983 cannot proceed before that conviction is overturned, reversed, or expunged through a writ of habeas corpus. As the Court has since made clear, however, *Heck* only bars a § 1983 claim that *necessarily* challenges the fact or duration of confinement. *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Brownlee's *pro se* complaint may be read to challenge the revocation of good-time credits on procedural grounds. If,

under the applicable scheme of state law and regulation, this revocation directly and necessarily increased the duration of Brownlee's confinement, and if Brownlee's due process claim challenges nothing else, the district court's dismissal would be proper. However, we cannot be sure on the record before us of the effect of any such revocation under the applicable legal regime. Moreover, Brownlee's *pro se* complaint may also be read to challenge Brownlee's "confinement in segregation" on due process grounds. To the extent the § 1983 claim challenges only the manner of confinement, rather than its duration, *Heck* would not bar it from proceeding.

Accordingly, we reverse the district court's dismissal of Brownlee's due process claim and remand for the following determinations: (1) whether Brownlee's due process claim, if successful, would *necessarily* affect the fact or duration of his confinement under the applicable legal regime, and (2) whether Brownlee brings a separate due process challenge to the manner of his confinement, rather than its fact or duration.

The parties are to bear their own costs.

**REVERSED AND REMANDED.**

BYBEE, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority's reversal of the district court's grant of summary judgment to the defendants on Brownlee's Eighth Amendment claim. However, I disagree with the majority's finding that the district court improperly dismissed Brownlee's due process challenge to the subsequent disciplinary proceedings. For this reason, I respectfully dissent.

As the majority notes, Brownlee was "[a]ssessed 90 days Credit Forfeiture under a Division 'D' offense" for violating California Code of Regulation § 3005(c) for "obstructing peace officer during violent

incident." In his complaint, Brownlee's claim for relief asserts, in part, that:

> The actions of Defendants Montel, K.M. Chastain, Mini, Shoremaker, along with unknown C/O and Sgt, in their refusing to overturn the plaintiff [sic] disciplinary conviction; despite their knowledge of the above described due process violations, constituted deliberate indifference and further denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

> Plaintiff allege [sic] Prison Supervisor, N. Hayward, who sat in judgment of her own complaint in disciplinary proceedings against Plaintiff violated Plaintiff [sic] due process rights and due process requires that prison disciplinary hearing [sic] be impartial.

Brownlee's complaint clearly seeks "to overturn [his] disciplinary conviction." Reversal of that conviction would certainly implicate the sanctions Brownlee received, including the loss of good-time credits. Indeed, a district court reviewing Brownlee's due process claim would have to consider that sanction. Even reading Brownlee's pro se complaint in the most charitable light, the majority's contention that Brownlee somehow "challenges only the manner of confinement, rather than its duration" simply is not plausible. Because good-time credits are understood to impact the "duration of sentence," *Edwards v. Balisok*, 520 U.S. 641, 643, 646, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), Brownlee's challenge to the loss of good-time credits is precisely the type of § 1983 action barred by *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Moreover, *Edwards* squarely governs Brownlee's claim. Like Brownlee, Edwards "challeng[ed] the validity of the procedures used to deprive him of good-time credits" and his complaint sought "damages for use of ... unconstitutional procedures [that violated due process]." *Edwards*, 520 U.S. at 643, 117 S.Ct. 1584. In *Edwards*, the Supreme Court held that "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Id.* at 646, 117 S.Ct. 1584. The Court then discussed the various procedural defects of which Edwards complained and explained how reversing those defects would lead to the restoration of good time credits, *see id.* at 646–47, 117 S.Ct. 1584; here, we need not engage in such an inquiry where Brownlee's due process claim *is* the "refus[al] to overturn the plaintiff [sic] disciplinary conviction."

In addition, Brownlee's allegation against Hayward is precisely the kind of complaint we have dismissed as within *Heck* and *Edwards*. We have held that where, as here, a plaintiff's "damages claims rely on 'deceit and bias' on the part of the decisionmakers, [the claims] imply the invalidity of [his] confinement insofar as [his] prolonged incarceration[ is] due to the purported bias of state officials." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir.2004). By the nature of his complaint, Brownlee's claim "would, if established, necessarily imply the invalidity of the deprivation of his good-time credits," and therefore, his § 1983 action falls within *Heck's* bar to challenges affecting the duration of sentence. *See Edwards*, 520 U.S. at 643–46, 117 S.Ct. 1584; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

I would affirm the grant of summary judgment to defendants on Brownlee's due process claim. I respectfully dissent.